IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BENJAMIN L. EAGLE                                                                                    PLAINTIFF

vs.                                              NO. 4:09CV0272 BSM

JUDY S. HENRY, ET AL.                                                                          DEFENDANTS

## **ORDER**

Plaintiff has filed a motion to proceed *in forma pauperis*. After reviewing the complaint, the court finds that it must be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B). Therefore, the motion to proceed *in forma pauperis* is denied.

### *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court may dismiss a complaint filed *in forma pauperis* if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 US. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts

alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## II. ANALYSIS

Plaintiff brings this action against two attorneys (Judy Henry and Kimberly Tucker), the law firm with which they are associated (Wright, Lindsey and Jennings), the Bank of America (BOA) and Nancy Hollis (Vice President of BOA). He claims violation of his constitutional rights to be free of unreasonable seizure of property, to due process and to equal protection.

The gravamen of plaintiff's complaint arises from the filing of a lis pendis against plaintiff's property. Plaintiff contends that he had no note or mortgage subject to foreclosure. It is unclear from the pleadings whether foreclosure proceedings have actually been instituted against plaintiff Plaintiff cites some criminal statutes, as well as some rules of professional conduct, which he claims defendants violated.

It is clear that the plaintiff has failed to state a claim against the defendants for violation of his constitutional rights. All the defendants are private actors whose actions did not involve governmental participation *See Bichel Optical Laboratories, Inc. v. The Marquette Nat'l Bank of Minneapolis*, 487 F.2d 906 (8th Cir. 1973) (action by bank in seizing funds and collateral without foreclosure or notice did not constitute governmental action). "Under § 1983, a plaintiff must establish not only that a private actor caused a deprivation of constitutional rights, but that the private actor willfully participated with state officials and

reached a mutual understanding concerning the unlawful objective of a conspiracy." *Dossett v. First State Bank*, 399 F.3d 940, 951 (8th Cir. 2005)

Plaintiff's claims against the defendants, to the extent they exist, arise under state law. The parties are not diverse. Therefore, the court does not have subject matter jurisdiction over this action.

Accordingly, plaintiff's case is hereby dismissed. The motion to proceed *in forma pauperis* [Doc. No. 1] is denied.

IT IS SO ORDERED this 13th day of April, 2009.

_____
UNITED STATES DISTRICT JUDGE